UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Petitioner,

– against –

U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF STATE, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, GENERAL COUNSEL OF THE U.S. DEPARTMENT OF THE NAVY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *and* U.S. DEPARTMENT OF VETERAN AFFAIRS,

                Respondents.

**ORDER**

25-mc-00448 (ER)

RAMOS, D.J.:

      On October 21, 2025, Jane Doe, proceeding *pro se*, filed an emergency motion requesting that this case be sealed, that respondents be given an anonymous pseudonym, and that the instant case be closed with prejudice. Doc. 5 at 1. Jane Doe makes these requests because she asserts that she did not intend to open this case. Doc. 5 at 2.

      With respect to sealing the case, there is a common-law and First Amendment right of public access to judicial documents. *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). As such, documents may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124. Established factors and values, including privacy interests, can outweigh this presumption of public access. *United States v. Amodeo*, 71 F.3d 1044, 1050—51 (2d Cir. 1995).

      In her motion, Jane Doe states that her case should be sealed as it contains an "unintended filing that contains personal or draft material not meant for litigation." Doc. 5 at 3.

However, her complaint is already under seal. Doc. 1. Further, her name is anonymized in the case caption and no personal information is present in any other documents on the public docket, thus it is not possible for members of the public to determine her identity. *See* Docs. 2, 3, 4, 5.

With respect to providing respondents a pseudonym, while under certain extraordinary circumstances, courts do grant parties' request to use a pseudonym in place of their own name, *see e.g. Doe v. Trustees of Columbia University in the City of New York et al*, No. 25 Civ. 1108 (ER), 2025 WL 2319513, at *5—7 (S.D.N.Y. Aug. 12, 2025) (affirming that the individual defendant could proceed anonymously, on reconsideration), courts do not regularly allow one party in a case to dictate whether an opposing party in that case uses a pseudonym. Jane Doe cites no caselaw to the contrary.

Finally, with respect to closing this case with prejudice, the Court finds it unnecessary to do so because this case is already closed.

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate the motion, Doc. 5.

It is SO ORDERED.

Dated:   October 24, 2025
         New York, New York

                                                    _____
                                                         Edgardo Ramos, U.S.D.J.